01
02
03
04
05
06          UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
07                    AT SEATTLE

08  DYLAN JAMES DOWNEY,            )   CASE NO. C08-0396-RSL
                                   )
09          Plaintiff,              )
                                   )
10      v.                          )   REPORT AND RECOMMENDATION
                                   )
11  STATE OF WASHINGTON DEPT.      )
    OF CORRECTIONS, et al.,        )
12                                 )
            Defendants.            )
13  _____)

14      Plaintiff is incarcerated in the Snohomish County Jail in Everett, Washington. Proceeding

15  *pro se* and *in forma pauperis*, plaintiff has filed an action pursuant to 42 U.S.C. § 1983. He

16  asserts that on January 31, 2008, his constitutional rights were violated in the course of a

17  disciplinary hearing conducted by officials of the Washington Department of Corrections

18  ("DOC"). (Complaint at 3). Specifically, plaintiff contends that he was confined without being

19  advised of his *Miranda* rights and that the hearing did not comport with due process requirements.

20  (*Id.*) The complaint names as defendants five employees of the DOC and the DOC itself. The

21  complaint has not been served on defendants. Having screened the complaint pursuant to 28

22  U.S.C. § 1915A, the Court concludes, for the reasons set forth below, that the complaint and this

REPORT AND RECOMMENDATION
PAGE -1

01 action should be dismissed without prejudice.

02     Plaintiff's complaint and this action appear to be barred by Supreme Court precedent. The Supreme Court held in *Heck v. Humphrey*, 512 U.S. 477 (1994), that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487 (1994). The *Heck* doctrine applies not only to convictions but also to prison disciplinary hearings. *See, e.g. Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997).

10     Here, it is clear that plaintiff's constitutional challenge to various aspects of his disciplinary hearing, if successful, would necessarily imply the invalidity of the result of that hearing. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997). Accordingly, he may not proceed with this lawsuit until he has shown that the result of that hearing has been invalidated. Because he has made no such showing, the instant complaint and this action should be dismissed without prejudice. Furthermore, because the complaint fails to state a claim upon which relief may be granted, the dismissal should count as a "strike" under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

18     DATED this 21st day of March, 2008.

                                      /s/ Mary Alice Theiler
                                    Mary Alice Theiler
                                    United States Magistrate Judge